# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CEDRIC SPEARS (#352089)**

**CIVIL ACTION**

**VERSUS**

**NO. 15-495-SDD-RLB**

**DARREL VANNOY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 30, 2018.

_____
  **RICHARD L. BOURGEOIS, JR.**
  **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CEDRIC SPEARS (#352089)

CIVIL ACTION

VERSUS

NO. 15-495-SDD-RLB

DARREL VANNOY, ET AL.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petitioner, Cedric Spears, challenges his conviction, entered in 2013 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of felon in possession of a firearm.  The petitioner contends that (1) the trial court erred in denying his Motion to Suppress; and (2) the appellate court erred by not reviewing errors patent, not addressing one his *pro se* assignments of error, and by denying the petitioner a fair appeal proceeding.

**Factual Background**

The facts, as summarized in the decision of the Louisiana First Circuit Court of Appeal (*State v. Spears*, 14-289 (La. App. 1 Cir. 9/19/14), 2014 WL 4668761), are as follows:  On June 17, 2013, the Baton Rouge Police Department (BRPD) received an anonymous tip that the petitioner was trafficking cocaine at his residence and was in possession of a firearm.  The informant also provided a description of the petitioner's vehicle.  Officer Nicholas Collins and Detective Richard McCloskey obtained the petitioner's criminal history, which confirmed that he was a convicted felon, and subsequently proceeded to his residence located in an apartment complex.  Between 11:30 p.m. and midnight, after observing a vehicle outside the apartment fitting the description provided by the informant, the officers decided to approach the apartment.

As they approached, the petitioner opened the door.  Detective McCloskey observed several occupants, including the petitioner, and a firearm within arm's reach approximately two feet from the petitioner.  The officers asked the occupants to position themselves in a central location and searched them for weapons.  The petitioner was handcuffed and read his *Miranda* rights.  The officers also recovered a clear plastic baggie of suspected cocaine (a white powder substance) and a digital scale.  After being advised of his rights, the petitioner admitted that he resided in the apartment and that the firearm belonged to him, but denied ownership of the suspected cocaine.

### Procedural History

On November 4, 2013, the petitioner plead guilty to one count of felon in possession of a firearm, and was sentenced to 18 years at hard labor without benefit or probation, parole, or suspension of sentence.  The petitioner thereafter filed a counseled and *pro se* appeal.  On September 19, 2014, the petitioner's conviction and sentence were affirmed by the Louisiana Court of Appeal for the First Circuit.  *State v. Spears*, 14-289 (La. App. 1 Cir. 9/19/14), 2014 WL 4668761.  The petitioner's application for supervisory review in the Louisiana Supreme Court was denied on May 22, 2015.  *See State v. Spears*, 14-2171 (La. 5/22/15), 170 So.3d 983. On July 23, 2015, the petitioner filed the instant application for habeas corpus relief in this Court.

### Standard of Review

The standard of review in this Court is that set forth in 28 U.S.C. § 2254(d).  Pursuant to that statute, an application for a writ of habeas corpus shall not be granted with respect to any claim that a state court has adjudicated on the merits unless the adjudication has "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." Relief is authorized if a state court has arrived at a

conclusion contrary to that reached by the Supreme Court on a question of law or if the state

court has decided a case differently than the Supreme Court on a set of materially

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

Relief is also available if the state court has identified the correct legal principle but has

unreasonably applied that principle to the facts of the petitioner's case or has reached a decision

based on an unreasonable factual determination. *See Montoya v. Johnson*, 226 F.3d 399, 404

(5th Cir. 2000). Mere error by the state court or mere disagreement on the part of this Court with

the state court determination is not enough; the standard is one of objective reasonableness. *Id*.

*See also Williams v. Taylor*, *supra*, 529 U.S. at 409 ("[A] federal habeas court making the

'unreasonable application' inquiry should ask whether the state court's application of clearly

established federal law was objectively unreasonable"). State court determinations of underlying

factual issues are presumed to be correct, and the petitioner has the burden to rebut that

presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## Substantive Review

### *Claims (1), (2), (5) and (6): Denial of Motion to Suppress*

In Claims (1), (2), (5) and (6), the petitioner alleges that the trial court erred in denying

his Motion to Suppress, and the appellate court erred in finding his assignment of error regarding

the same to be without merit. Fourth Amendment violations are generally not cognizable on

federal habeas review. *Stone v. Powell,* 428 U.S. 465 (1976). In *Stone v. Powell,* the Supreme

Court held that "where the State has provided an opportunity for full and fair litigation of a

Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the

ground that evidence obtained in an unconstitutional search or seizure was introduced at trial."
*Id.* at 494. The Fifth Circuit has interpreted an "opportunity for full and fair litigation" to mean just that: "an opportunity." *Caver v. Alabama,* 577 F.2d 1188, 1192 (5th Cir. 1978). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id.*

Thus, it is the opportunity to present a Fourth Amendment claim to the state courts that is the basis of the *Stone* prohibition, without regard for whether that opportunity is actually exercised or is unsuccessful. *Janecka v. Cockrell,* 301 F.3d 316, 320–21 (5th Cir. 2002), *cert. denied,* 537 U.S. 1196 (2003). Even if a defendant fails to take advantage of the opportunity to litigate a motion to suppress or assert Fourth Amendment claims, the fact that the opportunity existed suffices for the *Stone* bar to apply. *Id.* at 320.

The Fifth Circuit has held that the *Stone* bar applies despite an error by the state court in deciding the merits of the Fourth Amendment claim. *Swicegood v. Alabama,* 577 F.2d 1322, 1324–25 (5th Cir. 1978); *Woodard v. Thaler,* 702 F. Supp. 2d 738, 759 (S.D. Tx. 2010) ("[E]ven if the state court improperly applied its own procedural law in refusing to consider Woodard's Fourth Amendment argument," the *Stone* bar still applies.) (*citing Moreno v. Dretke,* 450 F.3d 158, 167 (5th Cir. 2006)).

The petitioner had an opportunity to raise his defective warrant claim in a motion to suppress evidence and, as noted above, the record reveals that a Motion to Suppress was filed and the trial court's alleged error in denying the same was pursued on appeal. Because the petitioner had an opportunity for a full and fair hearing on his claim in the state court, *Stone* forecloses review of the petitioner's Fourth Amendment claim in a federal habeas proceeding.

*Claims (3), (4), and (7):   Failure of the appellate court to conduct errors patent review,*

*address pro se assignment of error, and provide fair appeal proceeding*

The petitioner alleges that the appellate court erred in failing to conduct an errors patent review, failing to address his pro se assignment of error, and in failing to provide a fair appeal proceedings. These claims are entirely predicated on alleged violations of state law. Claims that a state court improperly applied state law do not constitute an independent basis for federal habeas relief. *Estelle v. McGuire,* 502 U.S. 62, 67 (1991); and *West v. Johnson,* 92 F.3d 1385, 1404 (5th Cir. 1996), *cert. denied,* 520 U.S. 1242 (1997) (finding that asserted violations of state law are no basis for federal habeas relief). A federal court does "not sit as [a] 'super' state supreme court in a habeas corpus proceeding to review errors under state law." *Wilkerson v. Whitley,* 16 F.3d 64, 67 (5th Cir. 1994) (quotation omitted).

The petitioner has not identified any Supreme Court precedent or other federal authority that would give rise to a constitutional violation, and the denial of relief by the State courts was not contrary to, or an unreasonable application of, Supreme Court precedent. For the foregoing reasons, the petitioner is not entitled to relief on his claims.

**Certificate of Appealability**

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether she would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a

habeas petitioner has made a substantial showing of the denial of a constitutional right.  28

U.S.C. § 2253(c)(2).

In cases where the Court has rejected a petitioner's constitutional claims on substantive

grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district

court's resolution of his constitutional claims or that jurists could conclude the issues presented

are adequate to deserve encouragement to proceed further."  *Pippin v. Dretke*, 434 F.3d 782, 787

(5th Cir. 2005), *quoting Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In the instant case, the

Court finds that reasonable jurists would not debate the denial of petitioner's application or the

correctness of the substantive ruling.  Accordingly, it is appropriate that, in the event that the

petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be denied, and

that this proceeding be dismissed.  It is further recommended that in the event the petitioner

pursues an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on April 30, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**